{¶ 54} I respectfully dissent from the majority's opinion in Assignment of Error III that appellee's military pension was properly divided. It is uncontested that forty percent of the military pension was marital property. The trial court declined to award appellant her full marital share of the pension as punishment for non-cooperation regarding her income in the family trust. The family trust was appellant's separate property and not marital property.
 {¶ 55} I find it to be inequitable to punish a party in the division of undisputed marital property for unrelated issues. I find the trial court could have and did punish appellant for her evasiveness in its consideration of spousal support.
 {¶ 56} I would remand the issue of division of marital property to include a division of the military pension according to the marital share.
 {¶ 57} I further respectfully dissent on the issue of spousal support in Assignment of Error IV. Appellee admitted they did not receive any money from Rockne Enterprises/Curtis Management. T. at 147. I find this uncontested issue to change the trial court's computation of appellant's income. I would remand the issue of spousal support with instructions not to include or impugn income from Rockne Enterprises.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed. Costs to appellant.